**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL NUNN #11772-030** | § | |
| | § | |
| **V.** | § | **A-16-CA-1045-LY** |
| | § | |
| **FNU PATTON and FNU WALKER** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.  Before the Court are Plaintiff's complaint brought pursuant to  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (Document No. 1) and Defendants' Motion to Dismiss and for Summary Judgment (Document No. 24).  Plaintiff did  not file a response thereto.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was incarcerated in FCI Bastrop.  Plaintiff alleges on May 11, 2015, Officer Walker escorted him from cell #10 in the Special Housing Unit (SHU) to cell #3 in the SHU.  Plaintiff alleges he was handcuffed behind his back.  According to Plaintiff, Walker pushed Plaintiff into cell #3, called Plaintiff a racial epithet, and warned Plaintiff not to tell.  Plaintiff alleges Walker instructed him to turn around and put his hands through the slot of the door, so the officer could remove the handcuffs.  Plaintiff accuses Walker of physically assaulting him by twisting his right wrist and fracturing Plaintiff's wrist during the handcuff removal.  After the alleged

assault, Walker allegedly called Plaintiff the same racial epithet and told him he would kill Plaintiff if he filed a complaint. Plaintiff asserts Officer Patton observed Walker coming to the SHU, should have known Walker was assaulting Plaintiff, and could have prevented the assault. Plaintiff sues both Officers Walker and Patton. He requests $150,000 in damages from each defendant.

Defendants move to dismiss Plaintiff's claims regarding racial slurs and for summary judgment regarding Plaintiff's claims of excessive force. Walker explains he moved Plaintiff from cell #10 to cell #3 due to a toilet malfunction. During the transfer, Walker noticed Plaintiff was wearing a watch, which is prohibited in the SHU. Walker indicates, when he placed Plaintiff in cell #3, he removed Plaintiff's watch and Plaintiff attempted to pull away. As Plaintiff resisted and continued to pull away, Walker backed out of the cell and closed the door. Walker explains he is cognizant that Plaintiff was a professional boxer and might pose a greater risk to the officer's safety. After Walker placed Plaintiff's watch in a property bag and took it to storage, he returned to Plaintiff's cell door. He requested Plaintiff to place his hands through the slot so that his handcuffs could be removed. According to Walker, Plaintiff refused and yelled obscenities. Walker asserts he asked Patton if he would try to get Plaintiff to comply. Plaintiff complied with Patton's request, and Patton removed the handcuffs without difficulty. Plaintiff then complained of wrist pain, and he was assessed by medical staff. The x-ray of Plaintiff's wrist confirmed there was no fracture. Defendants provide the Court with a video of the incident and Plaintiff's medical records.

## II. ANALYSIS

### A.     Rule 12(b)(6) Motion

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6)

the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiff's allegation that Walker used a racial slur against him does not arise to a constitutional violation. See Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999) (holding "an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation"), clarified on rehearing, 186 F.3d 633 (5th Cir.) and Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (allegations of verbal abuse and threatening language and gestures by correctional officer do not rise to the level of a constitutional violation)). Accordingly, Defendants' Motion to Dismiss should be granted and Plaintiff's claim be dismissed with prejudice for failure to state a claim upon which relief can be granted.

B.     Motion for Summary Judgment

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant with the burden of proof at trial must

establish every essential element of its claim or affirmative defense. Id. at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

1.    *Qualified Immunity*

Defendants assert their entitlement to qualified immunity. A government official performing a discretionary function is entitled to qualified immunity unless his actions violate a clearly established right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity. See Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010). That is, the plaintiff must present

evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. See id.; Pearson v. Callahan, 555 U.S. 223, 232 (2009).

2.     *Excessive Force*

The "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (ellipses in original) (internal citation and quotation marks omitted). When faced with a claim of excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. The court bears in mind that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (internal citations omitted). "[C]orrections officers must balance the need to maintain or restore discipline through force against the risk of injury to inmates," and officers may need to act "quickly and decisively" in both situations. Id. at 6. When inquiring into the use of force, the court considers five nonexclusive factors: (1) the extent of any injury; (2) the need for the use of force; (3) the relationship between the need for force and the amount of force actually used; (4) the threat reasonably perceived by the official; and (5) the officers' efforts to temper the severity of a forceful response. Id. at 7. The "amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." Baldwin v. Stalder. 137 F.3d 836, 840 (5th Cir. 1998) (alteration in original) (internal citation omitted). Accordingly, the Court recognizes that "corrections officials must make their decisions

in haste, under pressure, and frequently without the luxury of a second chance." Id. (internal citation omitted).

The incident in question was captured on video. Viewing the evidence in the light most favorable to Plaintiff, the Court concludes no reasonable jury could find that Defendants' conduct resulted in a clearly unreasonable use of force against Plaintiff. Rather, the video depicts Patton speaking to Plaintiff through the cell door, Plaintiff placing his hands through the slot of the door, and Patton removing the cuffs with no force. There is no evidence either officer used the handcuffs incorrectly or caused any medical injury. Although Plaintiff declared under penalty of perjury that the facts presented in his complaint were true and correct, his allegations are clearly refuted by the video evidence and his medical records. Accordingly, Defendants Walker and Patton are entitled to summary judgment with respect to Plaintiff's claim of excessive force.

## III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion to Dismiss and dismiss with prejudice for failure to state a claim Plaintiff's claim regarding the use of racial slurs. The undersigned further recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment and dismiss with prejudice Plaintiff's excessive force claim.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

SIGNED this 19th day of April, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE